(No. 2035—)

MARTIN PETRI, Claimant, vs. STATE OF ILLINOIS, Respondent.

*Opinion filed May 14, 1940.*

JOSEPH B. McGLYNN, for claimant.

JOHN E. CASSIDY, Attorney General; GLENN A. TREVOR, Assistant Attorney General, for respondent.

MR. CHIEF JUSTICE HOLLERICH delivered the opinion of the court:

Prior to and on July 24, 1931, the claimant was in the employ of the respondent as a State highway policeman. On the last mentioned date, while patroling his route, and while driving in a westerly direction on Route 15, at a point about five miles east of Nashville, in Washington County, the motorcycle which he was operating was struck by a Chevrolet sedan which was then and there being driven by one Nettie Hamilton in an easterly direction on said highway. The accident happened at a time when the driver of the sedan was trying to pass a truck proceeding in the same direction in which she was traveling.

As the result of the accident claimant sustained a compound fracture of his left leg, and also claims to have sustained certain injuries to his left knee and shoulder. He was removed to St. Mary's Hospital at Centralia, where he remained about seven weeks. Thereafter he was confined to his home under the care of his doctor until he was able to return to work about ten months after the accident.

During the time of his temporary disability as aforesaid he was paid his regular salary of $175.00 per month, which, being for unproductive time, must be considered as compensation.

The respondent paid doctor and hospital bills aggregating the sum of $668.50.

The accident in question resulted solely from the negligence of said Nettie Hamilton, and thereafter claimant made

a settlement of his claim against her and received the sum of $1,400.00, which was in addition to the sum of $600.00 paid to his attorney for his services in that behalf.

Upon consideration of the facts in the record we find as follows:

That on July 24, 1931, claimant and respondent were operating under the provisions of the Workmen's Compensation Act of this State; that on said date claimant sustained accidental injuries which arose out of and in the course of his employment; that notice of such accident was given to respondent and claim for compensation on account thereof was made within the time required by the provisions of the Workmen's Compensation Act.

That the necessary first aid medical, surgical and hospital services were provided by respondent, except an item of $6.00 which claimant paid for an X-ray.

That at the time of the accident in question claimant was forty-one years of age and had four children under the age of sixteen years.

That the earnings of the claimant during the year next preceding his injury were Twenty-one Hundred Dollars ($2,100.00), and his average weekly wage was Forty Dollars and Thirty-eight Cents ($40.38).

That claimant was temporarily totally disabled from July 24, 1931, to May 20, 1932, to wit, forty-three (43) weeks; that he sustained the permanent loss of thirty per cent (30%) of the use of his left leg; that under the provisions of Section Eight (8), paragraphs B and J-2 of the Compensation Act, the claimant is entitled to have and recover from the respondent the sum of Twenty Dollars ($20.00) per week for the period of forty-three (43) weeks, that being the period of his temporary total incapacity for work; that under the provisions of Section Eight (8), paragraphs E and J-2 of such Act claimant is entitled to have and recover from respondent the sum of Twenty Dollars ($20.00) per week for a further period of fifty-seven (57) weeks for the reason that the injuries sustained by him resulted in the permanent loss of thirty per cent (30%) of the use of his left leg; that under the provisions of Section Eight (8), paragraph A of such Act, the claimant is entitled to have and recover from respondent the further sum of Six Dollars ($6.00), being the amount paid and advanced by him

258

for X-ray pictures; making a total of Two Thousand Six Dollars ($2,006.00).

That the sum of Seventeen Hundred Fifty Dollars ($1,750.00) has been paid by respondent to claimant to apply on the compensation due him; that under the provisions of Section 29 of the Compensation Act, the respondent is entitled to set off against the amount due claimant from it as aforesaid, the amount which he received from the said Nettie Hamilton, to wit, the sum of Two Thousand Dollars ($2,000.00); making a total credit to the respondent of Thirty-seven Hundred Fifty Dollars ($3,750.00).

We further find that the aggregate of the compensation paid by the respondent to the claimant as above, and the amount received by claimant from said Nettie Hamilton as above, is in excess of the amount of compensation to which the claimant is entitled under the terms and provisions of the Workmen's Compensation Act of this State, and that therefore claimant is not entitled to recover anything whatsoever from the respondent in this proceeding.

Award is therefore denied.